**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ADEL NASSAR, )<br>　　　　　　　　Plaintiff, )<br>　　vs. )<br>　　　　　　　　　　　　　　)<br>DUFRESNE SPENCER GROUP, LLC )<br>d/b/a ASHLEY FURNITURE, )<br>　　　　　　　　Defendant. ) | 19-cv- |

**COMPLAINT FOR VIOLATIONS OF THE
THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C §2601 *et seq.*,**

Plaintiff, Adel Nassar, by and through his attorneys Aaron B. Maduff and Bernard G. Peter, Jr. of Maduff & Maduff, LLC, for his complaint against Defendant, alleges and states as follows:

**INTRODUCTION**

1. Plaintiff was a store manager for the Downer's Grove, Illinois Ashley Furniture Store. On or about August 26, 2019, he left work early to take care of a medical emergency with his wife. The following day, she was ill and unable to care for herself and her kids. Plaintiff texted his supervisor, the Regional Sales Director to let him know that he needed a medical leave day. The supervisor called him and told him that since he could not find coverage for the store, he could not have the day. When Plaintiff said he was taking the day, the supervisor terminated him. Plaintiff brings this action for violations of the Family and Medical Leave Act.

**PARTIES**

2. Plaintiff, Adel Nassar (hereinafter "Plaintiff" or "Nassar"), is a citizen of the state of Illinois, residing within the territorial jurisdiction of the United States District Court

for the Northern District of Illinois, Eastern Division. At all times relevant to this Complaint, Nassar was an "employee" of Defendant within the definitions of the Family and Medical Leave Act, 29 U.S.C §2611(2).

3. Defendant, Dufresne Spencer Group, LLC (hereinafter "Defendant" or "DSG"), on information and belief, is a corporation licensed in Illinois and doing business within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. Defendant is and was at all times relevant to this Complaint an "employer" within the definitions of Family and Medical Leave Act, 29 U.S.C. §2611(4).

## JURISDICTION

4. This Court has jurisdiction pursuant to §1331 of the Federal Judicial Code, 28 U.S.C. §1331 because Plaintiff brings a complaint under Federal Law, 29 U.S.C §2601 *et seq.*

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as, on information and belief, Defendant does business in this District and the facts giving rise to this cause of action occurred in this District.

## EVENTS

Background

6. Plaintiff was hired by Ashley Furniture on or about June 13, 2016 as a sales manager.

7. As such Plaintiff was responsible for managing the Broadview, Illinois store.

8. In April of 2019, as Defendant was in the process of acquiring the Ashley Furniture stores, Plaintiff was assigned to a new manager, one Chad Province.

9. In June of 2019, Plaintiff was transferred to manage the Downers Grove Store.

10. In or around July of 2019, Defendant officially became the owner of all Ashely Furniture Stores in Illinois.

11. Plaintiff never had a performance complaint.

12. On or about August 26, 2019, Plaintiff was at work when his wife called him to tell him that she was having serious medical symptoms.

13. Plaintiff informed Mr. Province that he needed to leave to take his wife to the doctor.

14. Mr. Province approved the early leave.

15. The following morning, Plaintiff's wife was still in serious condition and unable to care for herself.

16. Plaintiff contacted Mr. Province to tell him that he needed the day to care for his wife and his children and that he might need to take her back for further emergency medical treatment.

17. Mr. Province said that he would only approve it if Plaintiff could find coverage for the store.

18. Plaintiff was unable to do so at that time and was in the midst of dealing with a medical issue at home.

19. Mr. Province called Plaintiff and further discussed finding coverage and that if he did take the day, it would "jeopardize his career."

20. Plaintiff informed Mr. Province that he had to take that day as a medical leave day.

21. Mr. Province terminated Plaintiff and demanded that he return his laptop and keys.

**DEMAND FOR RELIEF FOR VIOLATIONS OF
THE FAMILY AND MEDICAL LEAVE ACT
29 U.S.C. § 2601 *et seq.*,**

22. Plaintiff restates and realleges paragraphs 1 through 21 of this Complaint as paragraph 22 of this Demand for Relief.

23. By virtue of the foregoing, Defendant violated the FMLA by interfering with, restraining, and/or otherwise discriminating against Plaintiff because Plaintiff exercised his rights under the FMLA.

24. As a result of these violations, Plaintiff has lost wages, salary, employment and suffered other damages.

25. Defendant engaged in willful disregard of Plaintiff's rights under the FMLA and therefore had no reasonable grounds for believing that its actions were consistent with the FMLA. Defendant's violations were not in good faith, thereby warranting liquidated damages and interest.

WHEREFORE, Plaintiff, Adel Nassar, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant for lost wages, salary, employment benefits, and other compensation, as well as interest on these lost pecuniary amounts in the form of back and front pay, for an equal amount in liquidated damages, attorney's fees,

expenses, and costs of this action; and such other and further relief as this Court deems just and/or equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE**

Respectfully Submitted,

By:/s/ Aaron B. Maduff

Aaron B. Maduff
Attorney No. 6226932
Bernard G. Peter
Attorney No. ****
Maduff & Maduff, LLC
Michigan Plaza At Illinois Center
205 N. Michigan Ave
Suite 2050
Chicago, Illinois 60601
Phone: 312-276-9000