IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADEL NASSAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:19-cv-06624 |
| v. ) | |
| ) | Honorable Joan H. Lefkow |
| DUFRESNE SPENCER GROUP, LLC ) | |
| d/b/a ASHLEY FURNITURE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW
AT CLOSE OF PLAINTIFF'S CASE IN CHIEF**

Defendant Dufresne Spencer Group, LLC d/b/a Ashley Furniture ("DSG" or "Defendant") by and through their attorneys, pursuant to Federal Rule of Civil Procedure 50(a), respectfully request that the Court enter judgment as a matter of law in favor of Defendant and against Plaintiff Adel Nassar ("Plaintiff") on Plaintiff's claim. In support of this Motion, Defendant states as follows:

**INTRODUCTION**

Plaintiff has failed to prove his claim against Defendant or the damages he seeks. First, Plaintiff's case-in-chief did not present sufficient evidence for a reasonable jury to find for him on his Family and Medical Leave Act ("FMLA") claims, because Plaintiff did not establish a prima facie claim of FMLA interference or retaliation. Moreover, he did not establish harm as a result of a request for FMLA, precluding both of his claims.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 50(a) ("Rule 50(a)") provides, in part:

> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party . . . .

> (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury . . . .

Fed. R. Civ. P. 50(a).

In considering a motion under Rule 50(a), "the only question [is] whether [the plaintiff] put enough evidence before the jury to permit it to decide in his favor." *Runyon v. Applied Extrusion Techs., Inc.*, 619 F.3d 735, 739 (7th Cir. 2010) (affirming district court's decision, after plaintiff's case-in-chief, entering judgment as a matter of law in favor of defendant on plaintiff's age discrimination claim); *see also Altman v. Dep't of Child. & Fam. Servs.*, No. 06CV771WDS, 2010 WL 547157, at *3 (S.D. Ill. Feb. 10, 2010) (granting Defendant's Motion for Judgment as a Matter of Law with respect to Plaintiff's FMLA interference claim). "It is proper to enter judgment as a matter of law prior to the close of a plaintiff's case-in-chief so long as it has become apparent that the party cannot prove [his] case with the evidence already submitted or with that which [he] still plans to submit." *Greene v. Potter*, 557 F.3d 765, 768 (7th Cir. 2009) (affirming district court's decision, before the close of plaintiff's case-in-chief, entering judgment as a matter of law in favor of defendant on plaintiff's gender discrimination claim).

## ARGUMENT

### PLAINTIFF HAS NOT PRESENTED SUFFICIENT EVIDENCE OF FMLA INTERFERENCE

**A. Plaintiff failed to provide appropriate notice to DSG of his intent to take FMLA leave.**

Plaintiff's case-in-chief failed to present sufficient evidence for a reasonable jury to find FMLA interference, because he failed to provide appropriate notice to DSG of his intent to take FMLA leave. The FMLA provides that an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the Act. 29 U.S.C. § 2615(a)(1).

The Seventh Circuit cases have identified five elements for an FMLA interference claim. Plaintiff must show that: (i) the employee was eligible for FMLA protections; (ii) the employer was covered by the FMLA; (iii) the employee was entitled to leave under the FMLA; (iv) the employee provided sufficient notice of intent to take FMLA leave; and (v) the employer denied, or interfered with, the FMLA benefits to which the employee was entitled. *Lutes v. United Trailers, Inc.*, 950 F.3d 359, 363 (7th Cir. 2020); *Preddie v. Bartholomew Consolidated School Corp.*, 799 F.3d 806, 816 (7th Cir. 2015); *Ziccarelli v. Dart*, 35 F.4th 1079, 1085 (7th Cir. 2022). Further, "winning relief requires the plaintiff to show 'prejudice,' meaning harm resulting from the violation." *Ziccarelli v. Dart*, 35 F.4th at 1084.

Moreover, the law is clear that simply advising that someone does not feel well (and may need to seek care) is insufficient notice of a serious health condition to trigger FMLA obligations. *See, e.g., Maitland v. Employease, Inc.*, No. CIV.A. 1:05-CV-0661, 2006 WL 3090120, at *15 (N.D. Ga. Oct. 13, 2006) (plaintiff's statements about feeling "sick," complaining to human resources director that she was "burned out," and that she was seeking counseling for stress, were insufficient to reasonably apprise defendant of plaintiff's request to take time off for a serious health condition as defined by the FMLA); *see also To v. U.S. Bancorp*, No. CIV 08-5979 JRT/JJK, 2010 WL 3546823, at *6 (D. Minn. Sept. 7, 2010), aff'd, 651 F.3d 888 (8th Cir. 2011) (employee's explanation for not returning to work was that he was "feeling ill ... tired, lethargic, fatigue-ish ... that [he] needed a few days to recuperate" and that he "was not feeling well," and two return-to-work slips indicating he was out due to "illness" failed to apprise his employer of the specifics of an FMLA-qualifying health condition); *cf., Brock v. United Grinding Techs., Inc.*, 257 F. Supp. 2d 1089, 1101 (S.D. Ohio 2003) (discussing the FMLA's legislative history) ("the statute was not intended to create a sick leave policy for temporary or minor illnesses").

Here, the evidence Plaintiff has presented at trial shows that all Plaintiff relayed to DSG was that his wife was not feeling well. Plaintiff neither provided notice of a serious health condition – indeed, he did not know a serious health condition existed at the time – nor mentioned his intention to request FMLA leave. Rather, he concedes that he just needed a day off, in large part because his children were too young to care for themselves. In addition, Plaintiff received DSG's employee handbook, which contained DSG's FMLA policy. That policy specifically indicated that the employee seeking FMLA leave had to give DSG with sufficient notice, and employees could reach out to Human Resources for additional information relating to FMLA. He also worked with the HR manager in his area for years at the time he missed work with less than two hours' notice – but he never contacted HR to request leave. As such, Plaintiff has failed to provide sufficient evidence based on which any reasonable jury could conclude that he intended to take FMLA leave. He therefore cannot establish the fourth element of his *prima facie* case.

**B. DSG neither denied Plaintiff FMLA leave, nor prejudiced Plaintiff.**

Because Plaintiff did not provide sufficient notice of his need for FMLA leave, he cannot show that DSG denied leave and caused Plaintiff harm as a result. Again, winning relief requires the plaintiff to show prejudice from the Defendant's violation of the FMLA. *Ziccarelli v. Dart*, 35 F.4th at 1084. Defendant did not violate the FMLA, for it had no notice of Plaintiff's need for FMLA leave. When Plaintiff told Chad Province about his need to leave work early on August 26, 2019, Mr. Province immediately approved Plaintiff's request. Furthermore, Plaintiff has admitted that he did not need FMLA leave on August 26, 2019, thereby making his August 26, 2019 request irrelevant to his FMLA claim.

The following day, just one hour and eighteen minutes before his shift, Plaintiff told Province that he could not come into work that day because his wife was not feeling well, and

there was no one to take care of the kids. Province again granted his request. At that time, Province only reminded Plaintiff that as Sales Manager, Plaintiff was responsible for finding coverage for his store during his absence.

Since Plaintiff's employment ended after he refused to either find coverage or report to work (according to Plaintiff), he cannot show that DSG's actions harmed him. *See, e.g., Pecora v. ADP, LLC*, 232 F. Supp. 3d 1213, 1227 (M.D. Fla. 2017) (defendant did not interfere with plaintiff's FMLA rights when employer would have issued the Final Warning at issue, and plaintiff voluntarily resigned from his employment following the issuance of the Final Warning); *Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 447 (6th Cir.1999) (stating that "[a]n employee who has voluntarily resigned may not maintain a suit for FMLA interference"); *Brohm v. JH Properties, Inc.*, 149 F.3d 517, 523 (6th Cir.1998) (stating same); *Thomas-Young v. Sutter Cent. Valley Hosps.*, No. 1:12-CV-1410 AWI SKO, 2014 WL 1096795, at *13 (E.D. Cal. Mar. 19, 2014) (holding that because plaintiff was not terminated, but voluntarily resigned, the discriminatory act of which plaintiff complains did not occur). As such, Plaintiff failed to prove that DSG took any action to interfere with his FMLA rights.

### PLAINTIFF HAS NOT PRESENTED SUFFICIENT EVIDENCE OF FMLA DISCRIMINATION OR RETALIATION

Plaintiff did not establish FMLA discrimination or retaliation. Such claims under the FMLA and ADA require Plaintiff to prove three elements: (1) the employee engaged in statutorily protected activity; (2) the employer took adverse action against the employee; and (3) the protected activity caused the adverse action. *Pagel v. TIN, Inc.*, 695 F.3d 622, 631 (7th Cir. 2012). Plaintiff has failed to present sufficient evidence to satisfy the first and third elements of an FMLA retaliation claim. Specifically, Plaintiff fails to show that he engaged in a statutorily

protected activity, or that his protected activity resulted in DSG taking any adverse actions against him.

Again, Plaintiff failed to provide sufficient notice regarding the details of his wife's serious health condition to DSG, or any need to take leave under FMLA, and therefore he cannot establish that he engaged in protected activity.

His proffered evidence also cannot lead a reasonable jury to conclude that DSG terminated Plaintiff's employment because he requested FMLA leave. On August 27, 2019, he called Province a little over an hour before his shift was about to begin, and told Province that he was not going to be able to go to work that day. But when Province reminded him that it was Plaintiff's responsibility to ensure coverage, Plaintiff became angry, refused to secure coverage at the store, and did not show up at work. Thus, no reasonable jury could conclude that DSG intentionally retaliated or discriminated against Plaintiff because he tried to exercise FMLA rights. With his lack of notice to DSG and his failure to fulfill a major job responsibility, a reasonable jury could only conclude that Plaintiff's alleged request for FMLA leave did not result in DSG terminating his employment.

WHEREFORE, Defendant Dufresne Spencer Group respectfully request that this Court enter judgment as a matter of law in favor of Defendant and against Plaintiff Adel Nassar on Plaintiff's FMLA claims.

| | |
|---|---|
| DATED: MARCH 15, 2023. | *Respectfully submitted,* |
| | By: /s/ *Sam Sedaei* |
| | One of the Attorneys for Defendant **DUFRESNE SPENCER GROUP, LLC** |

Sarah J. Kuehnel (ARDC No. 6301817)
**OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.**
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone: 314.802.3951
sarah.kuehnel@ogletree.com

Sam Sedaei (ARDC No. 6317657)
**OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
sam.sedaei@ogletree.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 15, 2023, the foregoing ***Defendant's Motion for Judgment As A Matter of Law At Close of Plaintiff's Case in Chief*** was electronically filed with the Clerk of Court for the Northern District of Illinois, Eastern Division, using its CM/ECF system, which sent notification of such filing to the following:

> Aaron B. Maduff
> **MADUFF & MADUFF, LLC**
> 205 North Michigan Avenue
> Suite 2050
> Chicago, IL 60601
> abmaduff@madufflaw.com
>
> *Attorney for Plaintiff*

    /s/ Sam Sedaei
One of the Attorneys for Defendant
**DUFRESNE SPENCER GROUP, LLC**
**d/b/a ASHLEY FURNITURE**